**MERCANTILE BANK OF HOUSTON,**
Appellant,

v.

**Theodore C. ROZEMA, Appellee.**

**No. 16273.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 14, 1974.

Charles N. Goldberg, Houston, for appellant.

Firmin A. Hickey, Jr., Houston, for appellee.

PEDEN, Justice.

Plaintiff bank appeals from an order setting aside a summary judgment. The bank had sued defendant Chemcorps for the unpaid balance on a promissory note and had joined as defendants J. P. Harris, G. W. Disston, and Dr. Theodore C. Rozema, who had executed a guaranty agreement. Defendants Chemcorps and Dr. Rozema were served with citation, but only Dr. Rozema filed an answer. Neither Harris nor Disston was served with citation.

On January 24, 1972 appellant took a purported summary judgment against both Dr. Rozema and Chemcorps. A default judgment also taken against Chemcorps recites that it was also taken on January 24 but was entered on January 28, 1972. On June 28, 1973 Dr. Rozema filed a motion to set aside the judgment against him, alleging by affidavit that he did not execute the guaranty agreement dated April 20, 1970 and that his signature on the instrument was a forgery. An order setting

aside the judgment was entered by the trial court on August 17, 1973. It is from this order that the appellant appeals.

The sole issue for this court to determine is whether the trial court had jurisdiction to overturn the judgment of January 24, 1972. Appellant contends that the judgment is final and therefore cannot be set aside by the trial court one and one-half years later except by Bill of Review. Appellee contends that the judgment was not final, so the jurisdiction of the trial court continued; this made the order setting aside the judgment interlocutory and not subject to review by the Court of Civil Appeals.

■ Appellee argues that the judgment of January 24, 1972 was interlocutory since 1) it did not dispose of all of the parties and 2) there were two separate judgments (the summary judgment and default judgment) both purporting to be final. The summary judgment entered by the trial court purported to dispose of Dr. Rozema and Chemcorps, but not of Harris or Disston. However, since neither Harris nor Disston was served with citation, and neither has answered or made an appearance, the case stands as if there had been a discontinuance as to these two defendants and the judgment is regarded as final for the purposes of appeal. Youngstown Sheet and Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex.Sup.1963). The same ruling of implied dismissal was applied to a guaranty agreement situation similar to the present case when one of the guarantors was not cited, did not answer nor make an appearance. American Trendex Corp. v. Ultradyne Corp., 490 S.W.2d 205 (Tex.Civ.App. 1973, writ ref. n. r. e.).

■ As to the irregularities of the summary judgment rendered against Chemcorps and Rozema, we first determine whether a summary judgment taken against one who has been served but has not answered or appeared is void or voidable. Rule 166–A(a), Texas Rules of Civil Procedure, provides:

"(a) For claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time *after the adverse party has appeared or answered,* move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." (emphasis added)

The Supreme Court, in Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959), stated: "Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authority."

Rule 166–A grants to the trial court the power to enter a judgment without a trial on the merits. A summary judgment is unknown at common law and is possible only by virtue of the provisions of Rule 166–A. To entitle a party to a summary judgment, the provisions of this rule must be strictly complied with. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, 276 (1961).

In order to comply with Rule 166–A, the defendant must appear or answer before the motion for summary judgment is granted. Chemcorps had done neither, so the summary judgment is void as to it.

Being void as to Chemcorps, the judgment did not purport to dispose of all of the parties to the suit and was interlocutory. The summary judgment purported to dispose of Dr. Rozema and the default judgment signed four days later disposed of Chemcorps, but neither judgment made any reference to the other. Rule 301, T.R.C.P., requires that there be only one final judgment. Sisttie v. Holland, 374 S.W.2d 803 (Tex.Civ.App.1964, no writ), and Thomas v. Shult, 436 S.W.2d 194 (Tex.Civ.App.

1968, no writ), hold that even though two judgments dispose of all parties and issues the two judgments may not be taken together to form one final judgment. As in those cases, our record shows that the last judgment does not refer to or incorporate the first.

Neither judgment was final, so the trial court maintained jurisdiction to set them aside and its order was not appealable.

Appeal dismissed.