**CESSNA AIRCRAFT COMPANY,**
Appellant,

v.

**AIRCRAFT NETWORK,**
LLC, Appellee.

No. 05–09–01217–CV.

Court of Appeals of Texas,
Dallas.

May 27, 2011.

140

Fred J. Meier, Christopher S. Kilgore, Carstens & Cahoon, LLP, Robert B. Gil-breath, Hawkins, Parnell, Thackston & Young, LLP, Dallas, for Appellant.

J. Robert Arnett II, Munck Carter LLP, Dallas, for Appellee.

Before Justices MOSELEY, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice MARTIN RICHTER.

This case was tried, appealed, reversed and remanded in part, tried again on the issue of attorney's fees, and is now before us again on a second appeal. In five issues, Cessna Aircraft Company ("Cessna") asserts the trial court erred in rendering a "second final judgment," and claims the judgment is a nullity depriving this court of jurisdiction. Cessna also argues the attorney's fees award is in error because it includes amounts Aircraft Network, LLC ("Aircraft") incurred proving attorney's fees on remand and because the award includes fees for an appeal to the Texas Supreme Court in which Aircraft did not prevail. Finally, Cessna contends the trial court's judgment erroneously awards Aircraft a double recovery and excessive pre and post-judgment interest. Concluding Cessna's arguments are without merit, we affirm the trial court's judgment.

### BACKGROUND

Because the long procedural history of this case is well-known to the parties, we focus only on those facts germane to this appeal. In a suit for damages to a jet aircraft and breach of promises to reimburse costs of a substitute plane, a jury awarded damages to Aircraft on several of its claims against Cessna, including promissory estoppel. Following the verdict, the trial court signed a judgment awarding Aircraft damages for breach of bailment, breach of reimbursement contract, breach

of implied warranty, negligent misrepresentation, pre and post judgment interest, costs, and attorney's fees.

Cessna appealed the trial court's judgment. On appeal, this court reduced the damages awarded for the bailment claim, reversed and rendered the awards for breach of reimbursement contract, negligent misrepresentation, and breach of warranty, affirmed the award of pre-judgment interest, reformed the judgment by reinstating the damage award for promissory estoppel, and reversed and remanded the attorney's fees award for further proceedings. *See Cessna Aircraft Co. v. Aircraft Network, LLC.*, 213 S.W.3d 455, 469 (Tex. App.-Dallas 2006, pet. denied). The court affirmed the trial court's judgment in all other respects. *Id.*

Cessna sought review of our decision in the Texas Supreme Court, arguing that this court's reinstatement of the promissory estoppel award resulted in an impermissible double recovery. The petition for review was denied and on June 25, 2008, this court issued its mandate.

On remand, the issue of attorney's fees was tried to a jury. The jury awarded five categories of attorney's fees to Aircraft: (1) for preparation, trial, and appeal of the first case to the court of appeals; (2) for appeal of the first case to the Supreme Court of Texas; (3) for preparation and trial on remand on the issue of attorney's fees; (4) for further appeal to the court of appeals; and (5) for further appeal to the Supreme Court of Texas. Cessna filed two motions for judgment notwithstanding the verdict, both of which were denied. The trial court then entered a judgment awarding $897,077.50 in attorney's fees and costs to Aircraft, plus additional amounts for subsequent appeals and post-judgment interest. This appeal followed.

## DISCUSSION

### *Jurisdiction and Judgment*

■ In its first issue, Cessna argues we must dismiss this appeal for want of jurisdiction because the judgment for attorney's fees the trial court entered on remand constitutes a "second final judgment" and is therefore a nullity. Cessna insists the judgment is a nullity because there is nothing in the record to show that it vacates the trial court's "first final judgment." In the alternative, in its second issue, Cessna argues if the "second final judgment" is not a nullity, the trial court erred in entering it instead of a "single, comprehensive final judgment addressing all claims in the case." Aircraft responds that the trial court's judgment resolved the only issues remaining in the case and was a proper final judgment over which this court has jurisdiction. We agree with Aircraft.

■ Because the determination of whether the trial court's judgment on remand was in error overlaps with the analysis of whether the judgment constitutes a "second final judgment" and the overall jurisdictional calculus, we consider Cessna's first two issues in tandem. In so doing, we note at the outset that Cessna correctly states the general rule. That is, when it comes to a final judgment, "there can be only one." [1] *See In re Miller,* 299 S.W.3d 179, 183 (Tex.App.-Dallas 2009, no pet.) (stating except when "specifically provided by law," there may be but one final judgment); Tex.R. Civ. P. 301. But despite Cessna's accurate recitation of the rule, the conclusions Cessna seeks to ad-

---

1. Tag line for the 1986 film "Highlander," directed by Russell Mulcahy and distributed by 20th Century Fox.

vance require a distorted application that does not follow from its general premise. The fallacy lies in Cessna's failure to give effect to the metamorphosis a trial court's judgment undergoes following review of that judgment on appeal.

■ When an appellate court affirms a trial court's judgment or renders the judgment the trial court should have rendered, that judgment becomes the judgment of both courts. *See Cook v. Cameron*, 733 S.W.2d 137, 139 (Tex.1987) (op. on rehearing); *Dallas County v. Sweitzer*, 971 S.W.2d 629, 630 (Tex.App.-Dallas 1998, no pet.). After the appellate court's judgment is issued, the clerk issues a mandate. *See* Tex.R.App. P. 51.1. A mandate issued by the appellate court is a formal command requiring the lower court to comply with the appellate court's judgment. *Tex. Parks & Wildlife Dept. v. Dearing*, 240 S.W.3d 330, 347 (Tex.App.-Austin 2007, pet. denied). Once the opinion and judgment of the appellate court have issued, the trial court loses the power to review, interpret, or enforce its prior judgment. *See Medina v. Benkiser*, 317 S.W.3d 296, 300 (Tex.App.-Houston [1st Dist.] 2009, no pet.). The trial court has no option but to observe and carry out the appellate court's mandate. *See Denton County v. Tarrant County*, 139 S.W.3d 22, 23 (Tex.App.-Fort Worth 2004, pet. denied).

■ If a judgment is reversed and the case is remanded to the trial court to have "some special judgment rendered by the court below," the appellate court retains jurisdiction until that particular judgment is entered and the mandate of the appellate court is obeyed. *Bramlett v. Phillips*, 322 S.W.3d 443, 445–46 (Tex. App.-Amarillo 2010, no pet.) (citing *Wells*

*v. Littlefield*, 62 Tex. 28, 30–31 (1884)). On remand, the filing of the mandate with the trial court vests the trial court with limited jurisdiction, as defined by the parameters of the mandate, to decide those issues specified in the mandate. *V–F Petroleum, Inc. v. A.K. Guthrie Operating Co.*, 792 S.W.2d 508, 510 (Tex.App.-Austin 1990, no writ); *see also Jay Petroleum, L.L.C. v. EOG Resources, Inc.*, 332 S.W.3d 534, 539 (Tex.App.-Houston [1st Dist.] 2009, pet. denied); *Sweitzer*, 971 S.W.2d at 630; *Martin*, 824 S.W.2d at 256. Thus, to the extent the mandate vests the trial court with jurisdiction, albeit limited, to determine issues on remand, the parties retain their right to appeal the trial court's subsequent determinations through the usual and customary process of appeal. *Bramlett*, 322 S.W.3d at 446; Tex. Gov't Code Ann. § 22.220(a) (West Supp. 2010).[2]

■ When an appellate court remands a case with specific instructions, the trial court is limited to complying with the instructions and cannot re-litigate issues controverted at the former trial. *Denton County*, 139 S.W.3d at 23. The trial court's orders carrying out the mandate are ministerial. *See Martin v. Credit Prot. Ass'n Inc.*, 824 S.W.2d 254, 255–256 (Tex.App.-Dallas 1992, writ dism'd w.o.j.); *Jay Petroleum*, 332 S.W.3d at 541. The scope of the mandate is determined with reference to both the appellate court's opinion and the mandate itself. *See Truck Ins. Exchange v. Robertson*, 89 S.W.3d 261, 263 (Tex.App.-Fort Worth 2002, no pet.).

The mandate following our first opinion stated in pertinent part:

2. Of course, trial courts retain their constitutional jurisdiction to perform duties collateral to and consistent with the appellate court mandate. *See Madeksho v. Abraham, Wat-*

*kins, Nichols, & Friend*, 112 S.W.3d 679, 685 (Tex.App.-Houston [14th Dist.] 2003, no pet.); *see also, Bayoud v. Bayoud*, 797 S.W.2d 304, 310 (Tex.App.-Dallas 1990, writ denied).

We REFORM the trial court's judgment to delete the $166,000.00 award for breach of bailment contract ... We REVERSE the trial court's awards for breach of reimbursement contract, negligent misrepresentation, and breach of implied warranty, and RENDER judgment that Aircraft Network take nothing on those claims ... We REFORM ... the judgment to reinstate the award of $210, 517.66 for Aircraft Network ... on its promissory estoppel claim. We REVERSE the trial court's award of attorney's fees and costs and REMAND those issues to the trial court for proceedings consistent with this Court's opinion. In all other respects, we AFFIRM the trial court's judgment.

Thus, when our judgment issued, the judgment of the trial court became our judgment as to those issues we affirmed and reformed. *See Cook*, 733 S.W.2d at 139. The trial court was not required to make any further orders as to those issues, and our judgment as to those issues became enforceable "as in other cases." *See* TEX.R.APP. P. 51.1(b). With regard to those issues on which we reversed the trial court's judgment, the trial court's judgment was nullified, leaving the judgment as to those issues as if it had never been rendered. *See In re SSG*, 208 S.W.3d 1, 3 (Tex.App.-Amarillo 2006, pet. denied) (stating effect of reversal is to nullify judgment); *In re Jerry F.*, 294 S.W.3d 297, 298 (Tex.App.-Fort Worth 2009) (orig. proceeding) (stating once reversed, trial court's judgment is of no force and effect). Therefore, on the issues of attorney's fees and costs, there was no judgment in effect; the parties occupied the same position on these issues as they occupied before the trial court's judgment was rendered. *See generally, Swank v. Cunningham*, 258 S.W.3d 647, 663 (Tex.App.-Eastland 2008, pet. denied) (reversal of judgment returns parties to status quo). Because there was

no judgment on costs and attorney's fees, our mandate directed the trial court to conduct further proceedings on those issues. *See* TEX.R.APP. P. 44.1(b).

 Contrary to Cessna's assertion, the trial court had no authority to enter a judgment addressing any issues other than attorney's fees and costs. *See Martin*, 824 S.W.2d at 255–56. To do otherwise would have exceeded the scope of the mandate. *See, e.g., Kenseth v. Dallas County*, 126 S.W.3d 584, 602 (Tex.App.-Dallas 2004, pet. denied) (noting award of fees not justified under mandate). Moreover, while an appellate court undoubtedly has the option to direct that the trial court repeat the appellate court's judgment in the judgment on remand, our mandate included no such instruction. *See e.g., Brent v. Field*, 275 S.W.3d 611, 623 (Tex.App.-Amarillo 2008, no pet.) (remanding with instruction to sign new judgment on remanded issues and matters on which appellate court affirmed and rendered).

Significantly, the cases Cessna cites to advance its argument that the "second final judgment" is a nullity involved multiple judgments or orders entered in the trial court prior to appeal. *See Azbill v. Dallas County Child Protective Serv. Unit*, 860 S.W.2d 133, 138 (Tex.App.-Dallas 1993, no writ) (holding divorce decree trial court entered after judgment terminating parental rights a nullity); *Lavender v. Lavender*, 291 S.W.3d 19, 23 (Tex.App.-Texarkana 2009, no pet.) (setting aside three separate judgments trial court entered simultaneously); *Pollard v. Pollard*, 285 S.W.3d 149, 150 (Tex.App.-Dallas 2009, no pet.) (concluding trial court's dismissal order not final appealable judgment). Cessna has not identified a single instance where an appellate court judgment and a trial court's judgment on remand were

deemed multiple final judgments in violation of TEX.R. CIV. P. 301.

The cases Cessna relies upon to urge there is no cumulative final judgment are similarly misplaced. *See Sisttie v. Holland,* 374 S.W.2d 803, 804 (Tex.Civ.App.-Tyler 1964, no writ); *Mercantile Bank v. Rozema,* 508 S.W.2d 187, 188–89 (Tex.Civ. App.-Houston [1st Dist.] 1974, no writ). Again, the dispositive issue in these cases was whether several orders issued by the trial court constituted interlocutory orders or a final appealable judgment. *Sisttie,* 374 S.W.2d at 804; *Mercantile Bank,* 508 S.W.2d at 188–89. In the instant case, however, the question is not whether the trial court entered multiple orders or judgments from which the parties may appeal. Indeed, there was an appeal from the trial court's sole final judgment. That judgment no longer exists; it was replaced by this Court's judgment on all issues but costs and attorney's fees. Our opinion and mandate directed the district court to determine these remaining issues, and implicitly authorized the trial court to memorialize this determination. In accordance with our instruction, and consistent with our opinion and mandate, the trial court properly satisfied its ministerial duty to give effect to our mandate, determined the issues of attorney's fees and costs, and signed a judgment disposing of those issues. Therefore, we conclude the trial court's judgment on attorney's fees and costs was a proper final judgment over which we have appellate jurisdiction and the trial court did not err in entering judgment on the only issues it was authorized to consider. Cessna's first and second issues are overruled.

### Attorney's Fees

In its third and fourth issues, Cessna asserts the trial court's award for attorney's fees is in error because it includes fees Aircraft incurred to prove attorney's fees and amounts incurred for an appeal to the Texas Supreme Court in which Aircraft did not prevail. Aircraft responds that it is entitled to recover the full amount of fees it was awarded.

We begin with Cessna's assertion that Aircraft may not properly recover the fees it incurred proving its attorney's fees on remand. The crux of Cessna's argument is that a claim for attorney's fees is not included among the eight types of claims for which chapter 38 allows recovery of attorney's fees.[3] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (West 2008). Stated otherwise, Cessna's argument is that chapter 38 does not allow the recovery of fees for proving fees. We are not persuaded by this argument.

■ Contrary to Cessna's assertion, a claim for attorney's fees is not an independent cause of action; it is part of a successful party's remedy. *See Huff v. Fidelity Union Life Ins. Co.,* 312 S.W.2d 493, 501 (Tex.1958). Under chapter 38, a party is entitled to recover reasonable attorney's fees in addition to the amount of a valid claim and costs. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001. Here, Cessna does not assert the fees incurred proving attorney's fees on remand were not reasonable, nor does it present any authority to support the proposition that such fees are not reasonable under chapter 38. Therefore, we conclude these fees were properly included in the trial court's award. *See Santos v. Texas Enterprises, Inc.,* No. 03–09–00579–CV, 2010 WL

---

**3.** The claims include: (1) rendered services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or damages to freight or express; (6) killed or injured stock; (7) a sworn account; and (8) an oral or written contract. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001.

4054479 at *4 (Tex.App.-Austin Oct. 15, 2101, no pet.) (mem. op. not designated for publication); *see also City of Dallas v. Arnett,* 762 S.W.2d 942, 956 (Tex.App.-Dallas 1988, writ denied) (affirming award that included fees for hearing on fees).

Although Cessna insists it should not be penalized for its partial success in prosecuting the first appeal, we note that following remand, Cessna refused to submit the issue of attorney's fees to the court by affidavit. Instead, it conducted additional written discovery and deposition examination, filed multiple motions, retained an outside expert, and engaged in a four-day trial to a jury. While we do not question Cessna's right to litigate its claims and defenses, under these circumstances, dilution of Aircraft's award by reducing the fees arising out of such litigation undermines the purpose of the statute. To conclude otherwise invites similarly situated parties to dissipate the effectiveness of the statutory remedy by forcing a party to incur excessive and unrecoverable expense to prove the amount of an award a court has already determined the party is entitled to recover. Chapter 38 does not support such an untenable result.

Next, we consider Cessna's contention that the attorney's fees award improperly includes fees Aircraft incurred when Cessna sought review of our first decision in the Texas Supreme Court. After the initial trial on the merits, the trial court awarded Aircraft $25,000 in attorney's fees "in the event [Cessna] prosecutes a petition for review to the Texas Supreme Court and [Aircraft] prevails on the appeal." Cessna did seek review in the Texas Supreme Court, and its petition for

review was denied. According to Cessna, when the petition was denied, there was no decision on the merits, and therefore Aircraft did not prevail.

■ Once again Cessna seeks to have this court determine an issue based upon a judgment that no longer exists. Our judgment vacated the award of attorney's fees in the trial court's initial judgment. A judgment that has been vacated has no legal effect. *Pringle v. Moon,* 158 S.W.3d 607, 610 (Tex.App.-Fort Worth 2005, no pet.). Once the award of attorney's fees was vacated, the matter stood as if there was no judgment. *See id.*

In the trial for attorney's fees conducted on remand, the jury was asked to find the amount of attorney's fees "for the appeal to the Texas Supreme Court," and the jury awarded $39,687.50. This amount is included in the total award to Aircraft "in the amount of $897,077.50."[4] Neither the court's charge nor the judgment suggest that the appellate fees award on remand was measured by or based upon the language of the vacated judgment or a determination that Aircraft "prevailed" in the Supreme Court appeal.

■ We also reject Cessna's argument to the extent it can be construed as a challenge to recovery of the appellate fees as a component of the trial court's judgment on remand. Generally, litigants cannot recover attorney's fees unless the recovery is authorized by statute or a contract between the parties. *See Intercontinental Grp. Partnership v. KB Home Lone Star L.P.,* 295 S.W.3d 650, 653 & n. 7 (Tex.2009). Aircraft's recovery was premised on chapter 38 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001.[5] It is

4. The judgment on remand further awards $50,000 in attorney's fees conditioned on an unsuccessful appeal to this court by Cessna and an additional amount of $25,000 if Cess-

na's petition for review to the Texas Supreme Court is unsuccessful.

5. Aircraft's recovery of attorney's fees was predicated on Cessna's breach of bailment

well-settled that where attorney's fees are recoverable, the award may include appellate attorney's fees. *Neal v. SMC Corp.*, 99 S.W.3d 813, 818 (Tex.App.-Dallas 2003, no pet.). But an unconditional award of appellate attorney's fees is improper. *Siegler v. Williams*, 658 S.W.2d 236, 241 (Tex.App.-Houston [1st Dist.] 1983, no writ). Therefore, the trial court must condition fees to appellee on appellant's unsuccessful appeal. *Jones v. American Airlines, Inc.*, 131 S.W.3d 261, 271 (Tex. App.-Fort Worth 2004, no pet.).

Cessna contends the Texas Supreme Court's decision in *Intercontinental* precludes the award of appellate attorney's fees because Aircraft did not prevail when Cessna's petition for review was denied. *See Intercontinental*, 295 S.W.3d at 655. We disagree with Cessna's reading of *Intercontinental* and its proposed application to the present case, particularly since there is no indication the award on remand was measured in terms of whether Aircraft "prevailed."

In *Intercontinental*, the Texas Supreme Court construed a contractual "prevailing party" attorney's fees provision that did not define the term. *Id.* at 653–54. Applying federal law, the court noted that "a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 654 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). Therefore, the court held that the plaintiff, KB Home, could not be considered a "prevailing party" because it recovered no damages, secured no declaratory or injunctive relief, obtained no settlement in its favor, and received none of the relief it sought in its petition. *See id* at 655. The court emphasized, howev-

er, that its decision was not based upon the fact that the plaintiff received no damages; rather, it was based on the fact that the plaintiff received nothing at all. *Id* at 659. Significantly, the court did not reach the question of whether the defendant was entitled to relief for successfully defending against plaintiff's claims because the issue was not before the court. In this regard, the court stated:

> If KB Home "lost" by receiving no damages does that mean Intercontinental "won" by remitting no damages? ... When defining litigation success, some might argue that while relief is required for plaintiffs to prevail, a finding of "no breach" is required for defendants....

*Id.* at 657, n. 42.

Cessna insists the denial of its petition did not alter the parties legal relationship. But Cessna's proposed application of this standard is strained. The *Intercontinental* court only discussed an altered legal relationship in the context of a plaintiff suing for damages in the trial court and obtaining nothing. Not only does *Intercontinental* fail to illustrate what a defendant must do to be a prevailing party, it does not address the parties' relationship in an appellate context at all.

Nonetheless, even if we apply *Intercontinental's* general standard of a "materially altered relationship" in this case, we cannot conclude that Aircraft did not succeed or prevail. When Cessna's petition for review was denied, our mandate issued and Aircraft was entitled to enforce the judgment. *See* Tex.R.App. P. 51. It is axiomatic that the most favorable outcome for an appellee defending an appeal is that the appealed judgment remain undisturbed. When the Supreme Court declined to review our prior judgment, appel-

contract.

lees obtained just that result. Therefore, for all of the foregoing reasons, on this record, we conclude the attorney's fees awarded in the judgment on remand were not in error. Cessna's third and fourth issues are overruled.

### Modification or Reversal of the Judgment

In its fifth issue, Cessna argues if there is a "cumulative final judgment," it should be modified or reversed to prevent double recovery, excessive interest, and an improper award of attorney's fees. In an effort to re-argue issues previously determined, Cessna claims that by timely appealing the judgment for attorney's fees it has appealed "all components of the cumulative final judgment, including the trial court's first final judgment, as modified by this court in the first appeal." Specifically, Cessna argues this court's reinstatement of the promissory estoppel award in the first appeal is duplicative of the award for the breach of bailment claim. Cessna also argues the trial court should sign a new final judgment to recalculate pre and post-judgment interest, and should consider whether any tolling periods apply. We disagree. The trial court's judgment after remand is the only judgment at issue in this second appeal.

In the prior appeal, Cessna requested review of the allegedly duplicative damages in a motion for rehearing, and the motion was denied. Cessna then sought review of this court's decision in the Texas Supreme Court. The petition for review was denied. Thus, the promissory estoppel issue has been conclusively decided. Likewise, the issues of pre and post judgment interest were also decided in the prior appeal. Although there is nothing in the record to establish whether · Cessna challenged the amount of pre and post judgment interest in the prior appeal, our

judgment in that appeal affirmed the trial court's award. Therefore, our judgment that such interest is recoverable forecloses a subsequent challenge to the amount of these awards. *See Medina*, 317 S.W.3d at 300; *see also Leake v. Half Price Books, Records, Magazines, Inc.*, 918 S.W.2d 559, 564 (Tex.App.-Dallas 1996, no writ) (party waived issue not raised in the first appeal and earlier ruling became law of the case).

■■■ As we have previously stated, the judgment of this court was final as to all issues other than costs and attorney's fees. Our mandate only directed the trial court to determine costs and attorney's fees. Therefore, the trial court had no jurisdiction to recalculate pre and post judgment interest, calculate or apply tolling provisions or determine whether our promissory estoppel award was in error. *See Cook*, 733 S.W.2d at 139.

■■■ We decline Cessna's invitation to revisit these issues on appeal. The issues determined by our previous opinion became the law of the case. The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal will govern the case throughout its subsequent stages. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986); *Crooks v. M1 Real Estate Partners, Ltd.*, 238 S.W.3d 474, 487 (Tex.App.-Dallas 2007, pet. denied). The doctrine is based on public policy aimed at putting an end to litigation. *City of Dallas v. Jones*, 331 S.W.3d 781, 784–85 (Tex.App.-Dallas 2010, pet. dism'd). A reviewing court does not again pass upon any matter presented to, directly passed upon, or in effect disposed of on an earlier appeal to that court. *J.O. Lockridge Contractors, Inc. v. Morgan*, 848 S.W.2d 248, 250 (Tex.App.-Dallas 1993, writ denied). An appellate court's judgment is final not only in reference to the matters actually litigated, but as to all other matters the parties might have liti-

gated and decided in the case. *Medina,* 317 S.W.3d at 299. A court's prior decision is deemed the law of the case unless it was clearly erroneous. *See Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (Tex.2003). Here, the record does not reflect that our prior decision was clearly erroneous. Moreover, a party cannot try his litigation in pieces. *Martin,* 824 S.W.2d at 257. Therefore, we will not consider those issues finally adjudicated in our first opinion. Cessna's fifth issue is overruled.

Having resolved all of Cessna's issues against it, we affirm the trial court's judgment on remand awarding Aircraft its costs and attorney's fees.