**AFFIRM; and Opinion Filed January 31, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-01282-CV

**CHARLENE FULLERTON TIGERT, Appellant**
**V.**
**TOMMY RAY TIGERT, SANDRA GALE CRAFT, AND KAREN ELIZABETH NORMAN, Appellees**

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-08-1316-02**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Lewis

This appeal involves the scope of a remand on attorney's fees in a suit brought under the Declaratory Judgments Act (the "Act"). We issue this memorandum opinion because the law to be applied in the case is well settled. TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

### Background

Appellees Tommy Ray Tigert, Sandra Gale Craft, and Karen Elizabeth Norman (the "Executors") initially brought suit against appellant Charlene Fullerton Tigert ("Charlene") seeking a declaration that certain retirement accounts established by decedent Tommy F. Tigert—the Executors' father and Charlene's husband—belonged to his estate. The trial court's judgment declared the estate was entitled to the retirement accounts and awarded the Executors attorney's fees. Charlene appealed, and this Court reversed, (1) rendering judgment that

Charlene was the beneficiary of the retirement accounts, and (2) remanding the case for further proceedings on attorney's fees. *See Franklin Templeton Bank & Trust v. Tigert*, No. 05-09-01472-CV, 2011 WL 2507834, at *9 (Tex. App.—Dallas June 24, 2011, no pet.) (mem op. on reh'g) [hereinafter, "*Tigert I*"].

On remand, the trial court awarded Charlene $23,000 in attorney's fees, which specifically included $18,000 for fees incurred at the first trial and $5000 for the first appeal. These were the precise amounts Charlene had proved up in those two categories during the first trial. The trial court concluded the scope of remand did not allow it to reopen the evidence concerning fees incurred before the mandate issued. Finally, the trial court ultimately concluded that all attorney's fees and costs incurred by the parties after our mandate issued were to be borne by the party incurring them.

Charlene appeals again, this time contending the trial court erroneously refused on remand to consider new or additional evidence of the attorney's fees Charlene actually incurred in the first appeal. In a cross point, the Executors argue Charlene should not recover attorney's fees related to the first appeal in any amount.

### Standard of Review

The Act authorizes the granting of attorney's fees in declaratory judgment actions at the discretion of the trial court. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008) (in any proceeding under Act, court may award "reasonable and necessary attorney's fees as are equitable and just"). Although that discretion is broad, the Act requires that fees awarded be both reasonable and necessary (which is a question of fact) and equitable and just (which is a question of law). *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *In re Lesikar*, 285 S.W.3d 577, 584 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). Accordingly, we review an attorney's fees award under the Act to determine "whether the trial court abused its discretion by

–2–

awarding fees when there was insufficient evidence that the fees were reasonable and necessary, or when the award was inequitable or unjust." *See Bocquet*, 972 S.W.3d at 21.

**Attorney's Fees on Remand**

The issues before us in this second appeal are quite narrow. Neither party challenges the award to Charlene for her attorney's fees incurred in the first trial. Likewise, the parties concede that the trial court had the discretion to refuse to award fees to either party for work performed after our mandate issued in the first appeal. *See, e.g., SAVA gumarska in kemijska industria d.d. v. Advanced Polymer Sciences, Inc.*, 128 S.W.3d 304, 324 (Tex. App.—Dallas 2004, no pet.) ("In the exercise of its discretion, the trial court may decline to award attorneys' fees to either party."). The issues before us, therefore, focus solely on Charlene's award of $5000 for attorney's fees in the first appeal.

*Availability of Appellate Attorney's Fees*

The Executors contend Charlene may not recover any fees related to the first appeal. They cite to cases declaring that appellate fees may only be awarded on a conditional basis, i.e., for successfully defending an appeal of the trial court's judgment. *See, e.g., Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 148 (Tex. App.—Dallas 2011, no pet.) ("[A]n unconditional award of appellate attorney's fees is improper. . . . [T]he trial court must condition fees to appellee on appellant's unsuccessful appeal."); *Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 515 (Tex. App.—Fort Worth 2011, pet. denied) ("[A]n award of appellate attorney's fees must be conditioned on any appeal's being unsuccessful.") We disagree that this rule applies to an award to Charlene on remand. Instead, the rule speaks to the fees awarded to the Executors in the underlying suit: that award was required to be conditional so as not to penalize Charlene for exercising her legal rights by taking an appeal. *See Sundance*

*Minerals*, 354 S.W.3d at 515. And because Charlene prevailed when she exercised those legal rights, the Executors were not entitled to recover the conditionally awarded appellate fees.[1]

This Court has stated that "where attorney's fees are recoverable, the award may include appellate attorney's fees." *Cessna*, 345 S.W.3d at 148. On remand, the parties stand in the position they held before judgment was entered. *See P.V. Intern. Corp. v. Turner, Mason, & Solomon*, 700 S.W.2d 21, 22 (Tex. App.—Dallas 1985, no writ) ("The effect of setting aside a judgment is to place the parties in the position they occupied before the rendition of judgment."). Had the trial court ruled in favor of Charlene at the first trial, she could have been awarded appellate fees. The Executors fail to provide this Court with any legal authority in which a prevailing appellant was denied fees on remand because the fees could not be awarded in a contingent manner. Nor have we found such authority. We conclude that because attorney's fees were recoverable for Charlene's declaratory judgment trial costs, her award may also include appellate fees. *See Cessna*, 345 S.W.3d at 148. The trial court did not abuse its discretion in making that award.

We overrule the Executors' cross point.

### Evidence of Appellate Fees

In her sole appellate issue, Charlene contends the trial court erroneously restricted the scope of the remand of this case by refusing to consider new or additional evidence of the attorney's fees Charlene actually incurred in the first appeal.[2]

At the outset, we point out the language of the remand ordered in the first appeal. In relevant part, our opinion stated:

---

[1] The conditioned-fees rule would also have applied if the trial court had awarded Charlene appellate fees for the instant appeal. But the court did not make such an award for this second appeal.

[2] When we discuss fees incurred during the first appeal, we include fees incurred to prosecute that appeal, up through issuance of this Court's mandate.

–4–

> The trial court's judgment states that the premise for the award of attorney's fees to the appellees was the rendition of judgment in their favor. Because we now reverse that judgment, the award of attorney's fees to appellees is also reversed. Charlene's sixth issue is decided in her favor.
>
> . . .
>
> [W]e reverse the part of the judgment that orders Charlene Tigert to pay attorney's fees to the appellees, and we remand this case for further proceedings consistent with this opinion.

*Tigert I*, 2011 WL 2507834, at \*9. Likewise, our judgment and mandate stated:

> [T]he provision of the trial court's judgment that orders Charlene Tigert to pay attorney's fees to the appellees is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the opinion.

We instructed the trial court to conduct "further proceedings" concerning attorney's fees, given the fact that a different party was found to be the beneficiary of the retirement accounts at issue. This Court did not order a new trial, nor did it order redetermination of attorney's fees.[3]

Charlene's argument for redetermination of her appellate fees relies primarily on the Texas Supreme Court's opinion in *Barker v. Eckman*, 213 S.W.3d 306 (Tex. 2006). In that case, the jury had awarded the plaintiff almost $112,000 in actual damages for the defendants' breach of a bailment agreement. The jury also awarded the plaintiff $222,000 in attorney's fees. *Id.* at 309. The court of appeals concluded the four-year statute of limitations barred all of the plaintiff's damages except $16,180.14; the plaintiff's fee award was not reduced. *Id.* at 309–10. The supreme court affirmed the court of appeals on the limitations issue, but it concluded the fee award should be reversed because the jury was instructed to consider "results obtained" when calculating the award, and the appeal had significantly devalued those results. *See id.* at 313–14. The court held that "subject to harmless error analysis, a reduction in actual damages requires the case to be remanded for a new trial on attorney's fees." *Id.* at 308.

---

[3] We acknowledge that Charlene's brief in the first appeal asked for fees to be "redetermined." But that is not what we ordered.

Charlene argues the appeal in her case resulted in much more than a reduced fee award for the appellee—it resulted in a judgment rendered for the appellant. Thus, she contends, she should have received a full new trial on attorney's fees, just as the *Barker* plaintiff did on remand. We disagree. The plaintiff in *Barker* prevailed at trial and prevailed again on appeal, although to a lesser extent than he had at trial. His trial victory was measured in actual damages, but those damages were reduced in amount as the court of appeals credited his opponents' partial defense. Because the *Barker* jury only assessed the plaintiff's fees in relation to the original, larger damages award, there was no determination of reasonable and necessary fees in relation to the smaller award ordered by the supreme court.

Fee awards in a declaratory judgment action such as Charlene's operate in a different fashion. In this case, there was no sliding scale of damages the Executors or Charlene could recover. One party or the other would receive a declaration of entitlement to the retirement funds. Judgment was an all-or-nothing matter. At trial, the attorneys put on their evidence of what was reasonable and necessary to prosecute their clients' claim to those funds. Which party prevailed could—and did—change on appeal, but the change was not a matter of the degree to which one prevailed. There was no need to reopen evidence to show a jury what amount of fees would properly correlate to a new, diminished recovery, as there was in *Barker*. The evidence put on by Charlene's attorney in advance of the trial court's initial ruling established what was reasonable and necessary for prosecuting the trial and what was estimated to be reasonable and necessary to defend an appeal by the Executors if Charlene prevailed at trial.

The Texas Supreme Court was recently asked to allow post-judgment attorney's fees to be determined on remand. It "decline[d] the invitation to allow two trials on attorney's fees when one will do." *Varner v. Cardenas*, 218 S.W.3d 68 (Tex. 2007). The general rule is that attorney's fees are to be requested and proved in the initial trial. *See id.* Cases such as *Barker*,

in which the evidence offered at trial is no longer relevant, may require a redetermination of fees. Such a new determination is not required in this case.

Here the trial court awarded the appellate fees proved up at trial. That award is precisely what Charlene asked to be awarded if she prevailed in the trial court. We discern no abuse of discretion in the trial court's relying on the evidence from trial when determining what award would be equitable and just. We decide Charlene's issue against her.

### Conclusion

We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

121282F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLENE FULLERTON TIGERT,
Appellant

No. 05-12-01282-CV       V.

TOMMY RAY TIGERT, SANDRA GALE
CRAFT, AND KAREN ELIZABETH
NORMAN, Appellees

On Appeal from the Probate Court No. 2,
Dallas County, Texas
Trial Court Cause No. PR-08-1316-02.
Opinion delivered by Justice Lewis.
Justices Bridges and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellant CHARLENE FULLERTON TIGERT recover her costs of this appeal from appellees TOMMY RAY TIGERT, SANDRA GALE CRAFT, AND KAREN ELIZABETH NORMAN.

Judgment entered this 31st day of January, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE