

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00663-CV

**UNITED RESOURCES, L.P.**,
Appellant

v.

**SEPCO TUBULARS, INC.**, Padre Tubulars Inc., Jesse Ortega, and Collinsworth Well Treating, Inc.,
Appellees

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 05-10-13092CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice
Concurring Opinion by:  Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 9, 2014

MOTION TO DISMISS APPELLEE COLLINSWORTH GRANTED; AFFIRMED AS MODIFIED

United Resources, L.P. appeals the trial court's judgment following remand from the Texas Supreme Court. Because we agree with United Resources that the trial court acted beyond the scope of the Supreme Court's mandate and exceeded its authority on remand, we modify the trial court's judgment and affirm as modified.

## BACKGROUND

### A. Trial

Jesse Ortega suffered injuries from an oil and gas well blowout when a pipe burst. Ortega filed a lawsuit for negligence against United Resources, the well's owner and operator, Collinsworth Well Treating, Inc., the company that pressure tested the well, and Sepco Tubulars, Inc. and Padre Tubulars, Inc., the companies that provided the pipe. Ortega also sued Sepco and Padre, as manufacturers, vendors, and distributors of the burst pipe, under strict liability theories. Sepco and Padre filed cross-claims against United Resources and Collinsworth. While the jury was deliberating, United Resources and Ortega entered into a settlement agreement.

The jury found Sepco and Padre were responsible for Ortega's injuries and also found that United Resources' and Collinsworth's negligence, if any, did not proximately cause Ortega's injuries. In accordance with the jury's verdict, on April 22, 2008 the trial court rendered a judgment for Ortega against Sepco and Padre and a take-nothing judgment[1] against Sepco and Padre on their cross-claims against both United Resources and Collinsworth.

### B. Appeal

Sepco and Padre appealed the trial court's judgment to this court. On appeal, they did not challenge the trial court's take-nothing judgment in favor of United Resources, which was not a party to the appeal. This court affirmed. *Sepco Tubulars, Inc. v. Ortega*, No. 04-08-00483-CV, 2009 WL 3464843 (Tex. App.—San Antonio 2009, pet. granted, judgm't vacated w.r.m.) (mem. op.).

After Sepco and Padre filed a petition for review in the Supreme Court, they entered into a settlement agreement with Ortega and Collinsworth. Those parties filed a motion asking the

---

[1] The trial court's judgment stated: "North American Interpipe, Inc., f/k/a Sepco Tubulars, Inc. and Padre Tubular, Inc. shall take nothing on their cross-claims against Defendant United Resources, L.P."

Supreme Court to vacate the trial court's judgment and remand the case to the trial court to render judgment in accordance with their settlement agreement. United Resources was not a party to the settlement agreement and objected to the motion to the extent it sought vacatur of the unappealed take-nothing judgment in its favor.

The Supreme Court granted the motion in part and granted the petition for review. As relevant to this appeal, its mandate provided:

> THE SUPREME COURT OF TEXAS, having considered the Agreed Motion for Rendition of Judgment to Effectuate Settlement, the Objection and other responses, concludes pursuant to Texas Rule of Appellate Procedure 56.3 that the motion should be granted in part, as outlined below.
>     IT IS THEREFORE ORDERED that:
>
> l) Without regard to the merits, the Court grants the petition for review, vacates the court of appeals' judgment, and vacates in part the district court's judgment, excluding that part pertaining to cross-claims by United North American Interpipe, Inc. f/k/a Sepco Tubulars, Inc. and Padre Tubulars, Inc., against United Resources, L.P.;
>
> 2) The case is remanded to the trial court for further proceedings in accord with the parties' settlement agreements . . . .

## C. Remand

On August 4, 2011, the trial court severed the cross-claims between Sepco and Padre and Collinsworth into a separate cause and dismissed the claims pursuant to the settlement agreement.

On January 19, 2012, the trial court rendered judgment that "this case is dismissed in its entirety."[2] United Resources filed a motion objecting to the order, arguing the dismissal was

---

[2] The full text of the January 19, 2012 judgment provided:

> BE IT REMEMBERED, that on this day came on to be heard the above-entitled and numbered cause, and that Plaintiff, JESSE ORTEGA, PADRE TUBULARS, INC., SEPCO TUBULARS, INC. and COLLINSWORTH WELL TREATING, INC. requests that the Court take notice that Plaintiff no longer wishes to pursue his claim against any Defendant and hereby requests this Court to execute this order for non-suit, with prejudice, which hereby dismisses this entire lawsuit. Accordingly, it is

"overbroad because United Resources obtained favorable relief in this Court's amended judgment and no party appealed that portion of the judgment" and because "[d]ismissal of the entire case also conflicts with the mandate of the Texas Supreme Court in the appeal of this case." The trial court set the order aside.

On August 6, 2012, the trial court rendered a new remand judgment that reinstated its January 19, 2012 judgment "save and except for that part of the Court's April 22, 2008 Amended Final Judgment pertaining to North American Interpipe, Inc. f/k/a Sepco Tubulars, Inc. and Padre Tubulars, Inc.'s cross-claims against settling Defendant United Resources, L.P., specifically, for comparative negligence and contribution for Ortega's injury." The trial court's new judgment contained additional, detailed recitals regarding Sepco and Padre's cross-claims against United Resources and the jury's verdict with respect to those cross-claims.[3] United Resources filed a

_____

ORDERED, ADJUDGED and DECREED that Plaintiff, JESSE ORTEGA take nothing of and from Defendants, PADRE TUBULARS, INC. and SEPCO TUBULARS, INC, on all claims for damages which have been or could have been asserted by him in this cause and that the agreed non-suit, with prejudice, is hereby noticed and entered and this case is dismissed in its entirety.

It is further ORDERED, ADJUDGED and DECREED that all costs of court are taxed against the party incurring same.

All other relief not expressly granted herein or prayed for or which could have been prayed for herein is denied.

[3] The full text of the August 6, 2012 judgment provided:

Be it remembered that on this day came to be considered Sepco Tubulars, Inc. and Padre Tubulars, Inc.'s Motion to Reinstate Plaintiff's Nonsuit. After considering the Motion, the response, and the arguments of counsel, if any, this Court is of the opinion that the Motion has merit and should be granted in part.

The Court's Amended Final Judgment entered on April 22, 2008 (Exh. A) was vacated by the Texas Supreme Court in its entirety pursuant to the settlement agreement of the parties, save and except for that part pertaining to the cross-claims filed by North American Interpipe, Inc. f/k/a/ Sepco Tubulars, Inc. and Padre Tubulars Inc. against United Resources, LP.

Specifically, Sepco Tubulars, Inc. and Padre Tubulars Inc. filed Cross-Claims against United Resources, L.P. on October 9, 2011[sic], alleging comparative negligence resulting in the "occurrence in question," that is, Jesse Ortega's injury, and seeking contribution for Ortega's damages (Exh. B). Sepco Tubulars, Inc, and Padre Tubulars Inc. alleged United Resources, LP, the operator of the well, caused Ortega's injury due to acts or omissions regarding the safety, education,

motion objecting to this new remand judgment. The trial court did not alter or set aside the judgment. United Resources now appeals.

### JURISDICTION

In their initial brief, Sepco and Padre challenged our jurisdiction over this appeal from the trial court's judgment following remand from the Supreme Court. The Supreme Court has since handed down its decision in *Phillips v. Bramlett*, in which it held "a court of appeals has jurisdiction, consistent with section 22.220(a) of the Texas Government Code, to review a trial court's final judgment after remand from this Court." 407 S.W.3d 229, 237 (Tex. 2013). We thus have jurisdiction over this appeal. *Id.*; *see also Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.) ("[T]o the extent the mandate vests the trial court with [authority], albeit limited, to determine issues on remand, the parties retain their right to appeal the trial court's subsequent determinations through the usual and customary process of appeal.").

---

warning, and positioning of personnel at the well site. The negligence question was submitted to the jury at Questions 9 and 10 of the Jury Charge (Exh. C).

Ortega settled his negligence claim against United Resources while the jury was deliberating, then dismissed United Resources from the suit with prejudice (Exh. D). Sepco and Padre received a credit for that settlement in the Amended Final Judgment. Sepco and Padre appealed the verdict and judgment to the Texas Supreme Court, and the parties settled. The Supreme Court vacated this Court's April 22, 2008 Judgment save and except for that part pertaining to Sepco and Padre's cross-claims against United Resources.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Agreed Notice of Non-Suit and Dismissal of Entire Suit originally signed by the Court on January 20 [sic], 2012 is reinstated in keeping with the parties' settlement agreements and this order, save and except for that part of the Court's April 22, 2008 Amended Final Judgment pertaining to North American Interpipe, Inc. f/k/a Sepco Tubulars, Inc. and Padre Tubulars Inc.'s cross-claims against settling Defendant United Resources, L.P., specifically, for comparative negligence and contribution for Ortega's injury.

ORDERED, ADJUDGED AND DECREED that this case is fully and finally disposed, with all costs taxed against the parties incurring same.

All other relief not expressly granted herein is denied.

## COLLINSWORTH'S MOTION TO DISMISS

Collinsworth has filed a motion to dismiss itself as a party from this appeal. United Resources does not oppose Collinsworth's dismissal as a party so long as this court determines that Collinsworth's dismissal will not affect United Resource's right to any relief it seeks in its appeal.

Collinsworth contends that this court does not have jurisdiction over it because it was not a party to the trial court's remand judgment. Rule 25.1 of the Texas Rules of Civil Procedure provides that "[t]he filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from." TEX. R. APP. P. 25.1(b). We agree that Collinsworth was not a party to the August 6, 2012 remand judgment appealed by United Resources because the trial court had previously disposed of the claims by and against Collinsworth and severed them into a separate cause. Even though the trial court's August 6, 2012 judgment mentions Collinsworth, it was still not a party to the trial court's judgment because the judgment did not dispose of any claims by or against Collinsworth. Therefore, because Collinsworth is not involved on any issue in this appeal, we grant its motion to be dismissed as a party. *See* TEX. R. APP. P. 25.1(b); *Beasley v. Peters*, 870 S.W.2d 191, 194 (Tex. App.—Amarillo 1994, no writ).

## UNITED RESOURCE'S APPEAL

In its first two issues, United Resources contends the trial court exceeded its authority on remand[4] and violated the Supreme Court's mandate by addressing and modifying the relief

---

[4] After the Supreme Court handed down *Phillips v. Bramlett*, Sepco and Padre argued that United Resources had waived any complaint that the trial court exceeded its authority on remand because it had presented its complaint as one that the trial court had exceeded its jurisdiction on remand. However, the Supreme Court recognized in *Phillips* that "[p]arties and courts sometimes use the term 'jurisdiction' to refer to the trial court's authority on remand." 407 S.W.3d at 234; *see, e.g.*, *Cessna Aircraft*, 345 S.W.3d at 144. We hold that United Resources did not waive its complaint that the trial court exceeded its authority on remand by terming it as exceeding its jurisdiction.

originally rendered on the cross-claims against it in the trial court's April 22, 2008 judgment.[5] In its third point of error, United Resources argues the judgment is contrary to or unsupported by the evidence. It seeks reformation of the judgment to delete any characterization of the cross-claims on which it received a take-nothing judgment beyond the language of the Supreme Court's judgment and mandate.

## A. APPLICABLE LAW

"When an appellate court reverses a lower court's judgment and remands the case to the trial court . . . the trial court is authorized to take all actions that are necessary to give full effect to the appellate court's judgment and mandate." *Phillips*, 407 S.W.3d at 234. However, "the trial court has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Id.*; *see also Cessna Aircraft*, 345 S.W.3d at 144 ("On remand, the filing of the mandate with the trial court vests the trial court with limited [authority], as defined by the parameters of the mandate, to decide those issues specified in the mandate.").

## B. DISCUSSION

The parties to the settlement agreement—Sepco, Padre, Ortega, and Collinsworth—asked the Supreme Court to grant the petition for review and vacate the trial court's April 22, 2008 judgment in its entirety. United Resources objected. Although it vacated our judgment in its entirety, the Court vacated the trial court's April 22, 2008 judgment only in part. It specifically excluded from vacatur that part of the trial court's judgment "pertaining to cross-claims by United North American Interpipe, Inc. f/k/a Sepco Tubulars, Inc. and Padre Tubulars, Inc., against United

---

[5] United Resources' second issue—that the trial court violated the Supreme Court's mandate—is merely another argument as to why the trial court exceeded its authority on remand. *See Phillips*, 407 S.W.3d at 234.

Resources, L.P." It then remanded the case to the trial court "for further proceedings in accord with the parties' settlement agreements."

When the Court remanded the case to the trial court with its mandate, it necessarily remanded the cross-claims against United Resources and the part of the trial court's April 22, 2008 judgment that rendered a take-nothing judgment on those claims. However, because no party had appealed the part of the trial court's judgment that rendered a take-nothing judgment on the cross-claims against United Resources, that part of the judgment was final and unappealable. *See George v. Vick*, 686 S.W.2d 99, 100 (Tex. 1984); *Hancock v. City of San Antonio*, 800 S.W.2d 881, 885 (Tex. App.—San Antonio 1990, writ denied); *see also Bunton v. Bentley*, 153 S.W.3d 50, 53 (Tex. 2004) (per curiam) ("[O]rdinarily, an appellant waives any complaint about the trial court's judgment that is not raised in the court of appeals."); *Medina v. Benkiser*, 317 S.W.3d 296, 299 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("An appellate court's judgment is final not only in reference to the matters actually litigated, as to all other matters that the parties might have litigated and decided in the case.").

Despite the fact that the Supreme Court's judgment and mandate explicitly excluded the unappealed part of the trial court's April 22, 2008 judgment from vacatur, the trial court's first new remand judgment purported to "dismiss the case in its entirety." Unlike the cross-claims pursued by Sepco and Padre against Collinsworth, the cross-claims against United Resources were not severed into a new cause and disposed of separately by the trial court. Therefore, they were still before the trial court when the trial court broadly purported to dismiss the case in its entirety. However, the Supreme Court's mandate did not give the trial the authority to modify the relief already rendered on those claims. Therefore, the trial court's judgment violated the mandate by attempting to dismiss the entire case, which necessarily encompassed the cross-claims against United Resources. United Resources was correct to object to that judgment.

After setting aside its initial remand judgment, the trial court reinstated it and modified it by adding "save and except for that part of the Court's April 22, 2008 Amended Final Judgment pertaining to North American Interpipe, Inc. f/k/a Sepco Tubulars, Inc. and Padre Tubulars, Inc.'s cross-claims against settling Defendant United Resources, L.P., specifically, for comparative negligence and contribution for Ortega's injury." The judgment also contained two paragraphs of recitals describing the nature of the cross-claims.

This judgment also exceeded the trial court's authority on remand. On remand from the Supreme Court, the trial court lacked authority to review or interpret the part of its original judgment that was final and unappealable. *See Cessna Aircraft*, 345 S.W.3d at 144 ("Once the opinion and judgment of the appellate court have issued, the trial court loses the power to review, interpret, or enforce its prior judgment."). Because the Supreme Court's mandate expressly excluded the take-nothing judgment in favor of United Resources from further trial court action on remand, the trial court exceeded its authority by adding recitals and characterizations of the cross-claims to the judgment originally rendered on the cross-claims.[6]

Sepco and Padre contend the trial court did not exceed its authority because the trial court's characterization of the cross-claims tracks the Supreme Court's judgment and mandate. That is partly true. The Supreme Court described those cross-claims only as "cross-claims by United

---

[6] United Resources points out that the trial court's recitals and characterizations in the remand judgment regarding the nature and resolution of the cross-claims against United Resources are similar to when a party seeks a declaratory judgment interpreting a prior judgment. Declaratory relief is not available to interpret or modify a prior judgment. *Tex. Dep't of Ins. v. Ins. Co. of Pa.*, 306 S.W.3d 897, 902 (Tex. App.—Austin 2010, no pet.); *Dallas Cnty. Tax Collector v. Andolina*, 303 S.W.3d 926, 930 (Tex. App.—Dallas 2010, no pet.). Such suits are "usually a guise to obtain review or modification of a judgment outside of the appellate process or an attempt to collaterally attack a judgment." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 468 (Tex. 1995); *see also Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 353 (Tex. App.—San Antonio 1999, pet. denied) ("[D]eclaratory relief is an inappropriate vehicle for interpreting previous judgments . . . [S]uch procedure would permit a new method of review of a prior judgment, and a party would be allowed declaratory relief without the existence of a justiciable controversy already within the court's jurisdiction, resulting in an impermissible advisory opinion."). Those same concerns are present here. If the trial court failed to adequately address and describe the cross-claims against United Resources in its April 22, 2008 judgment, the parties should have objected at that time or raised a point of error with respect to that part of the judgment on appeal.

North American Interpipe, Inc. f/k/a Sepco Tubulars, Inc. and Padre Tubulars, Inc., against United Resources, L.P." All additional language in the remand judgment was created by the trial court and thus does not "track" the language of the Supreme Court's judgment and mandate. The trial court had no authority "to review that judgment, nor to interpret and enforce it, but must observe it as it was framed by [the Supreme C]ourt." *Conley v. Anderson*, 164 S.W. 985, 986 (Tex. 1913) (orig. proceeding).

Nevertheless, Sepco and Padre maintain the trial court's characterization of the cross-claims was necessary to effectuate the Supreme Court's mandate because the trial court needed to explain what exactly was carved out by the Supreme Court's judgment and mandate. We disagree. The Supreme Court's mandate and judgment only identify the cross-claims in a limited way and the trial court was required to observe the Supreme Court's judgment as framed by it. *See id.* When the trial court reinstated its first remand judgment providing that the case was dismissed in its entirety, it should have simply stated "save and except for that portion of the court's Amended Final Judgment dated April 22, 2008 pertaining to the cross-claims by North American Interpipe, f/k/a Sepco Tubulars, Inc. and Padre Tubulars, Inc. against United Resources, L.P."

## CONCLUSION

We sustain United Resource's first two issues. We delete the following paragraphs from the trial court's August 6, 2013 judgment:

> Specifically, Sepco Tubulars, Inc. and Padre Tubulars Inc. filed Cross-Claims against United Resources, L.P. on October 9, 2011, alleging comparative negligence resulting in the "occurrence in question," that is, Jesse Ortega's injury, and seeking contribution for Ortega's damages (Exh. B). Sepco Tubulars, Inc, and Padre Tubulars Inc. alleged United Resources, LP, the operator of the well, caused Ortega's injury due to acts or omissions regarding the safety, education, warning, and positioning of personnel at the well site. The negligence question was submitted to the jury at Questions 9 and 10 of the Jury Charge (Exh. C).

Ortega settled his negligence claim against United Resources while the jury was deliberating, then dismissed United Resources from the suit with prejudice (Exh. D). Sepco and Padre received a credit for that settlement in the Amended Final Judgment. Sepco and Padre appealed the verdict and judgment to the Texas Supreme Court, and the parties settled. The Supreme Court vacated this Court's April 22, 2008 Judgment save and except for that part pertaining to Sepco and Padre's cross-claims against United Resources.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Agreed Notice of Non-Suit and Dismissal of Entire Suit originally signed by the Court on January 20, 2012 is reinstated in keeping with the parties' settlement agreements and this order, save and except for that part of the Court's April 22, 2008 Amended Final Judgment pertaining to North American Interpipe, Inc. f/k/a Sepco Tubulars, Inc. and Padre Tubulars Inc.'s cross-claims against settling Defendant United Resources, L.P., specifically, for comparative negligence and contribution for Ortega's injury.

In their place, we substitute the following language:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff Jesse Ortega take nothing of and from Defendants, Padre Tubulars, Inc. and Sepco Tubulars, Inc. on all claims for damages which have been or could have been asserted by him in this cause and that the agreed non-suit, with prejudice, is hereby noticed and this case is dismissed except for that portion of the court's Amended Final Judgment dated April 22, 2008 pertaining to the cross-claims by North American Interpipe, f/k/a Sepco Tubulars, Inc. and Padre Tubulars, Inc. against United Resources, L.P.

With these modifications, the trial court's judgment is affirmed as modified.

Luz Elena D. Chapa, Justice

- 11 -