## Frazier, et al. v. Combs, et al.

(Decided September 28, 1910).

## Appeal from Letcher Circuit Court.

Deeds—Father to Son—Alienation by Son—Reasonable Restriction—Validity.—A deed made by a father to his son for three surveys of land contained the following habendum clause: "Conditioned that the party of the first part reserves unto himself the full control of said property during his natural life, and all the rents, profits and proceeds thereof, that are necessary for maintaining the party of the first part during his life, and conditioned further that the party of the second part shall not have power to sell, grant or convey said lands during the life of the party of the first part, but shall after the death of the party of the first part, be seized of an indefeasible title to the lands herein described forever." Held, that this is a reasonable restriction upon the alienation by the son, whom the father evidently intended to protect, by preventing him from disposing of the property until he arrived at an age of more mature judgment.

D. D. FIELDS, JOHN M. COOK and JESSE MORGAN for appellants.

HAZELRIGG & HAZELRIGG, IRA FIELDS and DAVID HAYS for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

On March 5, 1888, one Solomon Frazier conveyed to his son, Stephen P. Frazier, a body of land consisting of three surveys. The deed was in the form commonly used to convey a fee simple title, except there was suffixed to the habendum clause, the following:

"Conditioned that the party of the first part reserves unto himself the full control. of the said property during his natural life and all. the rents, profits and proceeds thereof that are necessary for maintaining the party of the first part during his life, and conditioned further that the party of the second part shall not have power to sell, grant, or convey said lands during the life of the party of the first part, but shall after the death of the party of the first part be seized of an indefeasible title to the lands herein described forever."

Thereafter, On June 6, 1894, Stephen P. Frazier conveyed this land by deed to his wife, Minta Frazier. A short time after the date of this last deed and during the lifetime of his father, Stephen P. Frazier died. The record does not show when Salmon Frazier died, if dead. In the years 1906 and 1908, Minta Frazier, the widow of Stephen P. Frazier, believing that she was the owner of this land under the deed from her husband, sold one parcel to Monroe Frazier, another to Lucinda Akeman and the other to James Combs, all of whom are appellees herein.

This action was instituted on June 17, 1909, by the children of Stephen P. Frazier, who are all infants, through their guardian, to have the deeds to Monroe Frazier, Akeman and Combs declared void for two reasons: First, they claim that the conveyance from Solomon Frazier to their father, Stephen P. Frazier, expressly restricted Stephen P. Frazier from selling, conveying or otherwise disposing of this land during the lifetime of Solomon Frazier; and, therefore, Stephen P. Frazier was without power to convey. Second, that the deed of Stephen P. Frazier to his wife, Minta, did not convey to her this land, as there was no description of it contained in the deed. The settlement of the first question, for determination, against the power of Stephen P. Frazier to sell or convey the land during the lifetime of his father, dispenses with the necessity of considering the second proposition. It is provided by the express language of the conveyance by the father to the son, that the son should not have power to sell, grant or convey

the land during the lifetime of the father. This certainly prohibited the son from conveying it during that period, therefore, the only question for determination is: Did Solomon Frazier have the right and power to place such restrictions upon the disposition of the property and are they valid? Stephen P. Frazier accepted the deed with these provisions in it, and if they are valid the deed from him to his wife, made in the lifetime of his father, did not pass the title of the land to her. It is the tendency of the authorities in other states to hold such restrictions on alienation void, but this court has repeatedly held such restriction, when reasonable, valid. It is also held that a restriction upon the alienation of property during the lifetime of the conveyor or devisor, is reasonable. See Stewart v. Barrow, 7 Bush 368; Harkness v. Lisle, 117 S. W. 264 (Officially Reported), and Lawson v. Lightfoot, 27 Ky. Law Rep. 217, and the many authorities therein cited. In the last-named case the court said:

"In other words, the accepted doctrine in this state is that restraints upon alienation may be imposed for a reasonable period. This court has, however, never fixed a limit to such restraint, but in Stewart v. Brady, supra, it was held that a devise of land to the testator's daughter, with the limitation that it should not be disposed of by her until she becomes thirty-five years of age, was reasonable, and in Kean v. Kean, 13 Ky. Law Rep., 956, it was held that a restriction accompanying a devise of real estate to a son of the testator that he should not have the power to dispose of it until he became twenty-eight years of age, was good. If such a restriction may be imposed for the periods indicated by the cases supra, why may it not endure for a longer time, or, as contemplated by the testator in this case, during the life of his widow, the tenant for life of the real estate, the alienation of which is attempted to be restricted."

In the case at bar the restriction is limited to the life of Solomon Frazier, who reserved to himself the life estate in the property. This, in our opinion, is a reasonable restriction upon the alienation by the son whom the father evidently intended to protect by preventing him from disposing of the property until he arrived at an age of more mature judgment. Therefore, the court erred in sustaining the demurrer to the petition.

For these reasons, the judgment of the lower court is

reversed and remanded for further proceedings consistent herewith.