## Chapman v. Blackburn.

Oct. 29, 1943.

Abner May for appellant.

E. J. Picklesimer for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming in part and reversing in part.

On October 8, 1923, the appellee, Elizabeth Blackburn, and her husband, J. W. Blackburn, conveyed a tract of land to their son, Wayne Blackburn. The deed provided that: "The parties of the first part reserves the right to control the above mentioned property during their life time and said second party shall have no right to sell the same during the life time of the said first parties without their written consent." Wayne Blackburn died intestate in 1933 leaving two children. J. W. Blackburn predeceased Wayne. After Wayne's death division proceedings were had and the land was divided between his two children and deeds were executed. On July 18, 1941, Pauline B. Richardson, one of Wayne's children, conveyed the portion of the land allotted her to the appellant, James Chapman.

This action was filed by the appellee, Elizabeth Blackburn, against appellant Chapman only, seeking a cancellation of his deed, as well as the division deed to Pauline B. Richardson and the deed from Elizabeth and J. W. Blackburn to Wayne Blackburn.

The appellant pleaded as an estoppel that the appellee and her husband turned over the possession and control of the property to their grantee, Wayne Blackburn, who built houses and made improvements thereon to the extent of $1,500, collected rents on the property and cut timber thereon without interference by his grantors. By counterclaim the appellant sought judgment for $106.65,

taxes accrued against the land at the time he purchased it, and $150 expended by him in making repairs to the house. It was alleged that these repairs were made with the appellee's knowledge and that she offered no objection thereto.

A demurrer was sustained to the answer and counterclaim and upon appellant's failure to plead further judgment was. rendered canceling his deed, the division deed executed to Pauline B. Richardson and the deed executed to Wayne Blackburn. The concluding paragraph of the judgment provided that it was not to prejudice the right of the appellant to bring any further action he might have for taxes paid or improvements made by him. However, since these claims were asserted in this action, the effect of the judgment was to deny relief to the appellant and the judgment in this respect was therefore a final and appealable one.

It is clear that the judgment was correct in so far as it adjudged a cancellation of the appellant's deed. The effect of the quoted provision of the deed from the appellee and her husband to their son, Wayne, was to reserve a life estate in favor of the grantors, Hall v. Meade, 244 Ky. 718, 51 S. W. (2d) 974, and to restrict the grantee's power of alienation during the lives of the life tenants, the grantors. Such a restriction is a valid one and is binding on the heirs at law of the grantee, who took such interest as he had, and no more. Pond Creek Coal Co. v. Runyan, 161 Ky. 64, 170 S. W. 501; Frazier et al. v. Combs, 140 Ky. 77, 130 S. W. 812.

Nor were the facts pleaded by the appellant sufficient to operate as an estoppel against the grantors since their conduct in permitting their grantee and son, Wayne, to exercise complete control over the property and make improvements thereon, was not such conduct as the appellant had a right to rely upon as an inducement to become a purchaser. Such conduct fell far short of creating an estoppel.

The appellant complains because the judgment canceled the Wayne Blackburn deed and the division deed to his grantor, Pauline B. Richardson, but that is no concern of his. Since Pauline B. Richardson was not a party to the action, the judgment was a nullity in so far as it purported to affect her rights but such portion of the judgment in no wise affected the appellant and it cannot be reversed at his instance.

We think, however, that the court was in error in sustaining the demurrer to the counterclaim and, in effect, dismissing it in so far as it sought recovery of taxes paid by the appellant.

While it is well settled in our jurisdiction that a mere volunteer who pays taxes on property has no right of subrogation, there is a dearth of decisions as to the right of subrogation of one who pays taxes in the bona fide belief that he is the owner of the property and the holder of the record title. The general rule is, however, that such right of subrogation exists. The right arises under the rule proscribing unjust enrichment, which is thus enunciated in Restatement of the Law, Restitution, Section 162: "Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lienholder." That the majority of cases recognizes the right of subrogation in these circumstances, see numerous cases cited in annotations in 61 A. L. R. 587 and 106 A. L. R. 1212. It seems to us the rule enunciated is a wise and just one.

Here, the appellee against whom recovery was sought by the counterclaim was a life tenant of the property. As such, she was charged with the duty of paying taxes. Atkins' Guardian v. McCoy, 275 Ky. 117, 120 S. W. (2d) 1019; Vaughn v. Metcalf, 274 Ky. 379, 118 S. W. (2d) 727. The payment of taxes by the appellant under the good faith belief that he was the owner of the property and the holder of the record title discharged an obligation owing by the appellee and she would be unjustly enriched by the retention of the benefit thus conferred.

As to the improvements made by the appellant the situation is different. The appellee, as life tenant, was under no obligation to make improvements. Thus, the expenditure for improvements discharged no obligation owing by appellee and no right of subrogation exists. No question is presented as to the right of the appellant to recover the value of such improvements from his grantor.

The judgment is affirmed except as to the extent that it dismissed the counterclaim for taxes. In this respect it is reversed with directions to overrule the demurrer to

the counterclaim in so far as it seeks a recovery of taxes and for further proceedings consistent with this opinion.