CASKEY et al. v. COWGILL et al.

Court of Appeals of Kentucky.

Nov. 30, 1951.

Stoll, Keenon & Park, Harry B. Miller, Jr., and Donald P. Moloney, Lexington, for appellants.

S. S. Yantis, Lexington, for appellees.

COMBS, Justice.

William E. Caskey, a resident of Fayette County, Kentucky, died testate December 12, 1949. A widower at the time of his death, Mr. Caskey left surviving him three children, Ann Caskey Cowgill, Catherine Caskey Cowart, and William E. Caskey, III. He left an estate of the estimated value of $700,000, and in his will, which he prepared himself, nominated the First National Bank and Trust Company of Lexington as executor and trustee.

Paragraphs 1 through 6 of the will are clear and unambiguous. In these six paragraphs the testator directed payment of his debts, made various and sundry bequests, and directed the sale of certain horses which he owned at the time of his death. Paragraphs 7, 8 and 9 of the will contain certain ambiguities. The bank, as executor and trustee, filed this declaratory judgment suit against all the beneficiaries for a construction of the will and a declaration of the rights of the parties. From the judgment entered by the trial court, appellants have appealed and appellees have cross-appealed.

We set forth verbatim Paragraphs 7, 8 and 9 of the will:

"7. I appoint and nominate the First National Bank and Trust Co. of Lexington, Kentucky as trustee under this will and expressly give them the right as Trustee and Executor to hold, manage, and operate the residue of my estate in trust on the following conditions and for the following uses and enjoyment of the following named persons, giving to my Trustee the authority to manage and control and operate my estate, said trust to remain in full force and effect until the death of the last of my three children hereinafter mentioned. After the payment of taxes, fees, and necessary charges, I direct the net income from my estate be paid by trustee to the following named persons in installments convenient to them.

"Residue of estate be divided into three parts:

"One part consisting of nine twentieths, 9/20, of the residue in trust, income to be paid to Ann Caskey Cowgill for her life; at her death if she leaves issue, this trust to terminate and go outright to her surviving children and the issue collectively of any deceased child, share and share alike, latter taking the share which the deceased child would have taken if living.

"One part consisting of nine twentieths, 9/20, of the residue in trust, income to be paid to Catherine Caskey Cowart for her life; at her death if she leaves issue, this trust to terminate and go outright to her surviving children and the issue collectively of any deceased child, share and share alike, latter taking the share which the deceased child would have taken if living.

"One part consisting of two twentieths, 2/20, of the residue in trust, income to be paid to William E. Caskey III for his life; at his death if he leaves issue, this trust to terminate and go outright to his surviving children and the issue collectively of any deceased child, share and share alike, latter taking the share which the deceased child would have taken if living.

"If either of my children dies without issue surviving, the trust for that child shall be transferred to and become a part of the. trust or trusts for my other child or children, share and share alike, to be

administered in accordance with the terms of that trust.

"8. If none of my children or their issue are living to receive the principal of my estate at termination of the last of the trust or trusts provided for, my estate shall go to my heirs at law to be determined at that time by laws of descent and distribution now in effect.

"9. I direct my executor and trustee to give complete possession of my Bramble Farm, located on the Winchester Pike, Fayette County, Kentucky, and the residence thereon, together with all farm equipment, to my daughter Ann Caskey Cowgill, to occupy the residence as a home and operate the farm for her sole benefit and profit as she may see fit during her lifetime. The taxes and fire insurance are to be assumed and paid by my executor and trustee from income of the Trust Estate. I request my daughter Ann Caskey Cowgill to keep the improvements in a good state of repair."

The questions submitted to the trial court, and which are presented on this appeal, are:

1. Did the testator, by his will, create a single trust or three separate trusts, to be administered separately for the use and benefit of his three children and their issue?

2. Does the trust, if only one was created, remain in full force and effect until the death of the last of his three children, or do the three trusts, if such there be, terminate at the death of the respective life tenants?

3. Is the farm known as "Bramble Farm" devised to appellee, Ann Caskey Cowgill, for her lifetime, separate and apart and in addition to the bequests in trust to her and her children of nine-twentieths of the residue, or is Bramble Farm included in the share of herself and her children of nine-twentieths of the residue?

4. Is the remainder interest in said farm, after the death of Ann Caskey Cowgill, a part of the residue of testator's estate, and thus a part of the trust estate or of the three separate trust estates, or

is the remainder interest in said farm undevised property?

5. From what source does the will provide for the payment of taxes and insurance on Bramble Farm; that is, shall these payments be made from the trust estate as a whole or from the separate trust estate of Ann Caskey Cowgill?

6. What are the rights of Ann Caskey Cowgill in the farm equipment and machinery?

The trial judge filed a written opinion, in which he held:

1. That it was the intention of the testator to create three separate trusts, one of said trusts to be held for the use and benefit of each of his three children and to terminate upon the death of each child.

2. That the executor should divide the testator's net estate (being the residue) excluding, however, Bramble Farm, into three parts: Nine-twentieths in value for Ann, nine-twentieths in value for Catherine, and two-twentieths in value for William, with remainder over at their respective deaths to their surviving children and the issue collectively of any deceased child, share and share alike.

3. That the executor and trustee was not required to separate physically the residue into three separate trusts, but may in its discretion administer the three trust estates as a whole, in which event the net income from the trust estates would be distributed in the same proportion as above stated.

4. That Bramble Farm passed to the trustee of the estate as a part of the residue, subject to the life estate of Ann Caskey Cowgill, who, in addition to the trust estate provided for her, shall have the complete use, possession and control of said farm, together with the income, issues and profits therefrom, for her sole benefit during her lifetime, and at her death the remainder interest therein to pass in the same manner and in the same proportions to the surviving children of the respective life tenants as the trust estates created for their benefit.

5. That Ann Caskey Cowgill had the right to the use and possession of all farm equipment, and that neither she nor the executor and trustee is under any duty to replace it.

6. That the executor and trustee pay all taxes assessed against the farm and maintain fire insurance in reasonable amounts upon the improvements, and that the cost thereof be charged against the share of the income from the trust estate of Ann Caskey Cowgill.

Most of the argument in briefs is directed to the findings of the trial court, which we have designated above as 4 and 6. Appellants contend that Bramble Farm was not devised to Ann Caskey Cowgill in addition to her share in the trust estate, but that the farm is a part of her share in trust and should be included therein in calculating and setting up the three separate trusts.

■ This Court has written many times, and all the parties agree, that the instrument must be read as a whole in determining the intention of the testator. When this is done, we think it is clear that the testator intended to devise Bramble Farm to Ann Caskey Cowgill for her lifetime, in addition to the trust estate created for her benefit, and that at her death the remainder interest in the farm should become a portion of the residue of the estate devised in trust under Paragraph 7. It is noted that in Paragraph 7 the testator gave his trustee authority to hold, manage and operate the residue of his estate, and directed that the net income from the residue be paid by the trustee to his three children in certain proportions. He obviously intended that the trustee would divide and pay to the children the income from that portion of the estate the trustee was authorized and empowered to handle. Paragraph 9 places the possession of Bramble Farm in Ann Caskey Cowgill, with authority in her to "operate the farm for her sole benefit and profit as she may see fit during her lifetime." In other words, the trustee has nothing to do with the management, control or income from Bramble Farm dur-

ing her lifetime. We conclude, therefore, that the testator did not intend that the farm should be considered as part of the residue of his estate during the lifetime of Ann Caskey Cowgill.

Appellees point out that in order to clarify the intention of the testator, the Court is authorized to transpose Paragraph 9 so that it will precede Paragraph 7, and that when this is done it is apparent the testator intended that Ann Caskey Cowgill should have the use and benefit of Bramble Farm for her lifetime, in addition to the trust estate provided for her in Paragraph 7. This rule has been applied where its application was necessary in order to determine the testator's intention and give full effect to all provisions of the will. Wiglesworth v. Smith, 311 Ky. 366, 224 S.W.2d 177. We are of the opinion, however, that it is unnecessary to apply the rule in this case.

■ It is contended by Ann Caskey Cowgill on her cross-appeal that the trial judge erred in directing that the amount of the taxes and fire insurance on Bramble Farm be charged against the income from her trust estate. The will provides that "the taxes and fire insurance are to be assumed and paid by my executor and trustee from income of the Trust Estate." The question is whether the taxes and insurance should be charged against the income from the whole estate, or from the trust estate created for Ann Caskey Cowgill. The trial judge held that it was the intention of the testator to create three separate trusts, one of said trusts to be held for the use and benefit of each of his three children and to terminate upon the death of each child; and that the taxes and insurance on the farm should be paid by the executor and trustee, and charged against the income from the trust estate of Ann Caskey Cowgill. We agree with the trial judge. If our interpretation is incorrect, then we think the clause in the will directing payment of taxes and insurance is too indefinite and uncertain to be enforced. In that event, the life tenant is charged with the duty of paying taxes and insurance during her tenancy. Chap-

man v. Blackburn, 295 Ky. 606, 175 S.W.2d 26; Thomas v. Thomas' Guardian, 244 Ky. 724, 51 S.W.2d 949. The ultimate result is the same in either event.

 Although the parties make no serious complaint about the other provisions of the judgment, we have examined it carefully and are of·the opinion the trial court correctly adjudicated the rights .of the parties.

Judgment affirmed on both the appeal and .cross-appeal.