The CITY OF SAN ANTONIO, et al., Appellant,

v.

Salvador GONZALES, et al., Appellees.

No. 04–86–00624–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 12, 1987.

Rehearing Denied Sept. 9, 1987.

Mayo J. Galindo, Paula Dlugosz, Asst. City Atty., San Antonio, for appellant.

John E. Schulman, Katherine E. Noll, Harry A. Nass, Jr., San Antonio, for appellees.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

This is an appeal from the grant of a mandatory injunction. The appellees, po-

lice officers for the City of San Antonio and plaintiffs below, filed suit in January 1986 seeking to enforce the mandate of this Court issued in *Harrison v. City of San Antonio,* 695 S.W.2d 271 (Tex.App.—San Antonio 1985, no writ).

A history of the events leading to this appeal is necessary for a determination of this cause. In March of 1983 the City of San Antonio (City) administered a promotional examination for the rank of Sergeant within the San Antonio Police Department. Twenty police officers were ranked for promotion purposes after taking the test. Seven of the police officers filed suit against the City alleging that the oral assessment portion of the test violated the collective bargaining agreement between the City and the San Antonio Police Officers Association (Association). The Association intervened in the suit and aligned itself with the City, contending that the assessment center test was proper in view of an agreement between the City and the Association which purportedly amended the collective bargaining agreement.

A take-nothing judgment was entered against the officers, after which four of the police officers appealed to this Court. A panel of this Court determined that the 1983 examination was in violation of the collective bargaining agreement. *See Harrison, supra.* A mandate was then issued ordering that the examination be set aside and the test be readministered in accordance with the collective bargaining agreement. After the mandate was issued the four police officers settled their suit with the City. The four police officers have since been promoted to the rank of Sergeant. The City did not reassess the other officers eligible to retake the oral assessment portion of the test. However, nine of the officers, including the four appellants in *Harrison,* have since been promoted.

The five appellees herein, who were not promoted, filed this suit seeking to force the City to reassess the twenty police officers on the 1983 eligibility list, and if any of the officers be qualified, to promote them to any vacancies which occurred in the San Antonio Police Department between April 29, 1983 and April 28, 1984.

Following a hearing conducted on stipulated evidence the trial court determined that the City had not complied with the mandate issued in *Harrison,* and entered a permanent injunction requiring the City to reassess the twenty officers, certify a new promotion eligibility list, and promote the eligible officers to vacancies from the date such vacancies occurred.

Appellants raise one point of error complaining that the trial court erred in granting injunctive relief because *Harrison* was not a class action, and alleging that the instant law suit is moot because *Harrison* had been concluded by a settlement prior to filing of this suit. Appellants also contend that the cause is moot because the 1983 promotion list expired when the last eligible officer was promoted in 1984.

Appellees agree that *Harrison* was not a class action and argue that it is the doctrine of stare decisis that required the trial court to adhere to the holding of this Court and to issue an injunction. Appellees further answer that the *Harrison* decision voided the 1983 list so that there was no list that could expire; and they contend that a settlement entered into after a decision by an appellate court does not nullify the holding of the case thereby rendering subsequent cases based upon the same facts moot.

In *Harrison* this Court stated:

We hold that the Assessment Center Examination was given in violation of the collective bargaining agreement. The examination is set aside. It is ordered that the Assessment Center Examination be given in accordance with the original agreement of the parties or an appropriately amended version of such.

*Harrison, supra* at 278. As discussed in *Harrison,* the promotion eligibility list was established by ranking the officers on the basis of their test scores and seniority. By holding that the assessment center examination be set aside, this Court necessarily voided the promotion list based upon the test scores. Therefore, the list was inoperative and could not have expired on its own

**80**

terms so as to render appellees' action moot.

Similarly, that the parties to *Harrison* settled their claims after the opinion of this Court was issued has no effect on the adjudication made in *Harrison*. Once the mandate of this Court has issued, subsequent acts by the parties do not nullify the decision rendered.

Under the doctrine of stare decisis, the trial court was bound to apply the legal principles pronounced by this Court in *Harrison* and order the City to conduct reassessment examinations for the eligible police officers. *City of San Antonio v. Aguilar*, 696 S.W.2d 648 (Tex.App.—San Antonio 1985, writ ref'd n.r.e. and dism'd).

Appellants' point of error is overruled. The judgment of the trial court is affirmed.