

# NUMBER 13-21-00463-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE PORT OF CORPUS CHRISTI, LP
AND 361 HOLDINGS, LLC,                                          Appellants,

v.

PORT OF CORPUS CHRISTI
AUTHORITY OF NUECES COUNTY,
TEXAS AND SEAN STRAWBRIDGE,
IN HIS OFFICIAL CAPACITY AS
CHIEF EXECUTIVE OFFICER,                                        Appellees.

## On appeal from the 156th District Court
## of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Justice Peña**

Appellants The Port of Corpus Christi, LP and 361 Holdings, LLC (collectively, 361

Holdings) appeal from the trial court's order granting their nonsuit and dismissing with

prejudice a suit brought against appellees Port of Corpus Christi Authority of Nueces County, Texas (Port Authority) and Sean Strawbridge, in his official capacity as the Port Authority's chief executive officer. In one issue, 361 Holdings argues that, because they filed their nonsuit "without prejudice," the trial court was required to dismiss their case without prejudice, notwithstanding that this Court had previously affirmed the dismissal of those very same claims with prejudice. *See Port of Corpus Christi, LP v. Port of Corpus Christi Auth. of Nueces Cnty.*, No. 13-19-00304-CV, 2021 WL 499067 (Tex. App.—Corpus Christi–Edinburg Feb. 11, 2021, no pet.) (mem. op.). We affirm as modified.

## I. BACKGROUND

We adopt this Court's prior recitation of the factual background of the case, *see id.* at *1, and provide only the facts necessary to resolve the issues in this appeal. 361 Holdings filed suit based on alleged contamination damage to two tracts of land they own that are located adjacent to property owned by the Port Authority, and which the Port Authority allowed to be used by customers to deposit dredge spoils. 361 Holdings claimed that the Port Authority's conduct and the resulting damage constituted a non-negligent nuisance rising to the level of an unconstitutional taking. We concluded that the record conclusively negated the trial court's jurisdiction over 361 Holdings' takings claim, and that it was appropriate for the trial court to have granted the Port Authority's plea to the jurisdiction with prejudice as to that claim. *Id.* at *5–7. We further concluded that 361 Holdings had failed to assert a viable ultra vires claim against the Port Authority based on the Port Authority's alleged failure to obtain the necessary regulatory approvals to permit customers to use their property to deposit dredge spoils in the past. *Id.* at *7–8 (concluding that "[t]his claim was affirmatively negated by the jurisdictional evidence"). However, we

2

reversed and remanded the trial court's dismissal of 361 Holdings' separate ultra vires claim against the Port Authority and Strawbridge alleging that the Port Authority was undertaking improvements to its property without prior proper regulatory approval. *Id.* at *8 (finding "nothing in the record or the legal arguments presented by Strawbridge that conclusively establishes that either: (1) the Port Authority is not required to obtain prior approval . . . before it constructs improvements . . . that will significantly increase the operational capacity of the facility; or (2) the Port Authority has received such approval"). We noted that the Port Authority had never identified who it believed to be the proper official for suit, and we concluded that 361 Holdings should be permitted to conduct jurisdictional discovery and provided an opportunity to amend its pleadings once the proper official was identified. *Id.*

After our mandate issued, 361 Holdings filed a nonsuit in the case, stating that it was nonsuiting "all of their claims against all Defendants, without prejudice." After the Port Authority objected to a nonsuit without prejudice, the trial court entered a final judgment dismissing with prejudice 361 Holdings' "non-negligent nuisance and takings claims, as well as their ultra vires claims [:] (i) related to permits for depositing dredge materials . . . ; and (ii) related to permits for improvements . . . as asserted against" Strawbridge. The trial court dismissed without prejudice 361 Holdings' sole remaining claim: their ultra vires claim "related to permits for improvements . . . asserted against the proper official." This appeal followed.

## II. DISCUSSION

Under Texas law, parties have an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than

3

rebuttal evidence at trial. *See* TEX. R. CIV. P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 468—69 (Tex. 2008). However, "a party's right to nonsuit cannot be used to disturb a court's judgment on the merits of a claim, such as a partial summary judgment against the nonsuiting party." *Villafani*, 251 S.W.3d at 469 (citing *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995)); *see Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639—640 (Tex. 2004) (noting that a dismissal following the grant of a plea to the jurisdiction based on governmental immunity "constitutes a final determination on the merits of the matter actually decided," and that "[s]uch a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined").

Because we issued a judgment and mandate in this case regarding the same matters, the trial court was bound by the Texas Rules of Appellate Procedure related to the enforcement of appellate court judgments. *See* TEX. R. APP. P. 51.1(b). "After the appellate court's judgment is issued, the clerk issues a mandate. A mandate issued by the appellate court is a formal command requiring the lower court to comply with the appellate court's judgment." *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.). "The trial court has no option but to observe and carry out the appellate court's mandate." *Id*. (citation omitted).

Here, we rendered judgment and affirmed the trial court's dismissal of 361 Holdings' takings claim and their ultra vires claim related to depositing permits with prejudice. 361 Holdings did not seek further review of our judgment. After our mandate issued, the trial court was bound to enforce our judgment as to those issues. *See Seger v. Yorkshire Ins. Co., Ltd.*, 503 S.W.3d 388, 408 (Tex. 2016) ("Here, the court of appeals rendered judgment on the definition of a legal term in Diatom's CGL policy. Accordingly,

4

the trial court was bound by the court of appeals' definition and was required to enforce it [on remand]." (citing *City of San Antonio v. Gonzales*, 737 S.W.2d 78, 80 (Tex. App.—San Antonio 1987, no writ))); *Interest of A. H. S.*, 676 S.W.3d 355, 362 (Tex. App.—Tyler 2023, no pet. h.) ("[U]pon the trial court's receipt of an appellate court's mandate, the trial court has a mandatory, ministerial duty to enforce the appellate court's judgment by executing proper orders." (citations omitted)).

In light of the clear and unambiguous language of the Texas Rules of Appellate Procedure, the trial court was required to enforce our prior judgment affirming the trial court's grant of the Port Authority's plea to the jurisdiction and dismissal of 361 Holdings' takings claim and their ultra vires claim related to depositing permits with prejudice. Because our prior mandate has issued, 361 Holdings' nonsuit simply has no effect on those issues for which we rendered judgment but was effective as to those issues which we remanded to the trial court. *See Cessna Aircraft Co.*, 345 S.W.3d at 144 ("On remand, the filing of the mandate with the trial court vests the trial court with limited jurisdiction, as defined by the parameters of the mandate, to decide those issues specified in the mandate."); *Seger*, 503 S.W.3d at 408 ("When an appellate court remands a case to the trial court, the trial court 'has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate.'" (quoting *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013))). We overrule 361 Holdings' sole issue.

### III.   MODIFICATION OF FINAL JUDGMENT

We do note, however, that the trial court erroneously dismissed with prejudice the ultra vires claim related to improvement permits against Strawbridge. While we did note

5

that 361 Holdings had failed to show that Strawbridge was the proper official for suit in our prior opinion, we did not foreclose the possibility that after discovery, 361 Holdings could in fact show that Strawbridge was the appropriate official. *See Port of Corpus Christi, LP*, 2021 WL 499067, at *8. The trial court's judgment should not have dismissed the ultra vires claim related to improvement permits against Strawbridge with prejudice, as the nonsuit was effective as to that claim. Accordingly, the trial court's judgment should be modified as to that claim only. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (noting that appellate courts have the mandatory duty to correct incorrect judgments that "the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record").

## IV.    CONCLUSION

We modify the trial court's judgment to reflect that 361 Holdings' ultra vires claim related to improvement permits against Strawbridge is dismissed without prejudice. The judgment is affirmed as modified.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
21st day of December, 2023.